Duy Thai, SBN 157345
One Sansome Street, Suite 3500
San Francisco, California 94104
Tel: 415 296-9927
Fax: 415 230-5779

Attorney for Charles Li

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re:<br>LEGAL RECOVERY, LLC<br><br>                         Debtor,<br><br>CHARLES LI,<br>                         Plaintiff<br><br>      v.<br><br>LEGAL RECOVERY, LLC,<br>                         Defendant | Case No.: 24-30074<br>Chapter 11<br><br>A.P. No. 24-03022<br><br>OPPOSITION TO MOTION TO DISMISS<br><br>Date: June 21, 2024<br><br>Time: 10:00 AM<br><br>Via Tele/Videoconference<br>www.canb.uscourts.gov/calendars |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Charles Li ("Plaintiff") respectfully submits the following memorandum of points and authorities in opposition to the motion to dismiss brought by defendant Legal Recovery, LLC ("Defendant" or "Legal Recovery").

**I.**

**INTRODUCTION**

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a Court "must accept all well-pleaded material facts as true

and draw all reasonable inferences in favor of the plaintiff." *Caltex Plastics, Inc. v. Lockheed Martin Corp.,* 824 F.3d 1156, 1159 (9th Cir. 2016). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

Here, Plaintiff has alleged that Legal Recovery is an alter ego of Demas Yan ("Yan") and is therefore liable to Plaintiff for approximately $3,000,000 due to Plaintiff under state court judgments against Yan, and that under 11 U.S.C. §§ 523(a)(2), (a)(4) and (a)(6), Debtor's indebtedness to Plaintiff is nondischargeable.

Defendant's only argument is that the discharge exceptions of Section 523(a) do not apply to Defendant because it is a corporate debtor under Subchapter V of Chapter 11. That argument fails.

## II.

## BACKGROUND

As alleged in the Complaint:

> 11. Debtor is an alter ego of Demas Yan, a natural person and former attorney disbarred by the State Bar of California. Debtor was formed by Demas Yan, who exercises sole and exclusive control over it. Demas Yan and debtor have commingled their assets, income, and resources. Demas Yan formerly placed his mother Tina Yan as the figurehead manager of debtor, even though she had dementia, as was revealed when she filed her own bankruptcy petition in this Court (Case No. 22-30407). Demas Yan's control over and manipulation of debtor and defendant, his mother, and his father are detailed in *In re Lombard Flats, LLC*, No. 15-CV-00870-PJH, 2016 WL 1161593, at *7 (N.D. Cal. Mar. 23, 2016). His hiding of assets through relatives is detailed in *Li v. Yan*, 247 Cal.App.4th 56 (2016), and *In re Yan*, No. BAP NC-10-1476-JUHPA, 2011 WL 2923855 (B.A.P. 9th Cir. July 11, 2011).

OPPOSITION TO MOTION TO DISMISS

12. On May 7, 2013, plaintiff obtained a judgment against Demas Yan for professional malpractice, unauthorized practice of law, and fraud in *Charles Li v. Demas Yan*, CGC-10-497990 (San Francisco Superior Court). The fifth amended judgment was entered on November 30, 2018 for $1,498,422.01. It has not been satisfied, and additional judgment interest and attorneys' fees have accrued.

13. On June 24, 2016, plaintiff obtained a judgment against Demas Yan, his mother, and two brothers in law for fraudulent transfer in *Charles Li v. Thai Ming Chiu, et al.*, CGC-14-537574 (San Francisco Superior Court). The action was a proceeding to enforce and collect on plaintiff's judgment in *Li v. Yan*. The amount outstanding, including additional accrued attorneys' fees, is approximately $3,000,000.

Defendant filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code on February 6, 2024, and an amended Voluntary Petition on February 20, 2024 in which it chose to proceed under Subchapter V of Chapter 11.

Plaintiff filed his complaint in this matter on May 3, 2024, asserting claims of exceptions to discharge and non-dischargeability under 11 U.S.C. §§523(a)(2), (a)(4) and (a)(6). Defendant filed the Motion to Dismiss on May 20, 2024.

Subsequently, on May 31, 2024, the California Court of Appeal issued a decision affirming the trial court's decision in *Legal Recovery v. Crystal Lei*, CGC-19-579664 (San Francisco Superior Court), finding that Legal Recovery is an alter ego of vexatious litigant Yan. *Legal Recovery LLC v. Crystal Lei, et al.*, 2024 WL 2792919 (Cal. Ct. App., May 31, 2024, No. A167818) (unpub.).

Plaintiff is concurrently filing a request that the Court take judicial notice ("RJN") of: (1) the Statement of Decision, and the fifth amended judgment in *Charles Li v. Demas Yan*, CGC-10-497990 (San Francisco Superior Court); (2) the judgment in *Charles Li v.*

OPPOSITION TO MOTION TO DISMISS

*Thai Ming Chiu, et al.*, CGC-14-537574 (San Francisco Superior Court); and (3) the Court of Appeal's decision in *Legal Recovery v. Crystal Lei.*

## III.

## ARGUMENT

A. **Section 1192 Excepts from Discharge Any Debts of the Kind Specified in Section 523(a) for Subchapter V debtors Regardless of Whether such Debtor is an Individual or an Entity**

In a Subchapter V case, Section 1192 provides that, after the debtor completes the payments required by the plan, the bankruptcy court

"shall grant the debtor a discharge of all debts provided in section 1141(d)(1)(A) of this title, and all other debts allowed under section 503 of this title and provided for in the plan, **except any debt**--

(1) on which the last payment is due after the first 3 years of the plan, or such other time not to exceed 5 years fixed by the court; or

(2) **of the kind specified in section 523(a)** of this title."

The Fourth and Fifth Circuits have both held that Section 1192 excepts from discharge any debts of the kind specified in Section 523(a) for Subchapter V debtors regardless of whether such debtor is an individual or an entity. *In re Cleary Packaging, LLC,* 36 F.4th 509, 517 (4th Cir. 2022) ("we . . . conclude that [Section 1192] provides discharges to small business debtors, *whether they are individuals or corporations*, except with respect to the 21 kinds of debts listed in § 523(a)"); *Matter of GFS Indus., L.L.C.*, 99 F.4th 223, 232 (5th Cir. 2024) ("In sum, we agree with the Fourth Circuit that 11 U.S.C. § 1192(2) subjects both corporate and individual Subchapter V debtors to the categories of debt discharge exceptions listed in § 523(a)").

As the Fifth Circuit explained in *Matter of GFS Industries, L.L.C.,* 99 F.4th 228-232:

To begin with, § 1192 governs discharging debts of a "debtor," plain and simple. *See* 11 U.S.C. § 1192 (requiring court to "grant *the debtor* a discharge" of all specified debts (emphasis added)). A Subchapter V "debtor" means "a person engaged in commercial or business activities" with debts not exceeding $7.5 million. *Id.* § 1182(1)(A). " '[P]erson' is in turn defined to include both individuals and corporations, *see id.* § 101(41), and 'corporation[s]' include limited liability companies, *id.* § 101(9)(A)." *Cleary*, 36 F.4th at 514 (citations omitted). So, putting all this together, § 1192 applies to both individual and corporate debtors. *Id.* at 514–15. It does not distinguish one from the other.

Next, § 1192 excepts from discharge "any *debt ... of the kind* specified in section 523(a)." 11 U.S.C. § 1192(2) (emphasis added). We must apply this precise language as written. *See Ransom v. FIA Card Servs., N.A.*, 562 U.S. 61, 69, 131 S.Ct. 716, 178 L.Ed.2d 603 (2011) ("[I]nterpretation of the Bankruptcy Code starts ... with the language of the statute itself." (quotation marks and citation omitted)). . . . So, the most natural reading of § 1192(2) is that it subjects both corporate and individual Subchapter V debtors to the categories of debt discharge exceptions listed in § 523(a). *See Cleary*, 36 F.4th at 515 ("[T]he combination of the terms 'debt' and 'of the kind' indicates that Congress intended to reference only the *list of non-dischargeable debts* found in § 523(a).").

Consider, moreover, what § 1192(2) does not say: "kind of *debtor*." Congress could have enacted those words in § 1192 but instead chose "kind of *debt*." . . . [A]s the Fourth Circuit correctly reasoned, the reference to "kind[s]" of debt in § 1192 serves as "a shorthand to avoid listing all 21 types of debts" in § 523(a), "which would indeed have expanded the one-page section to add several additional pages to the U.S. Code." *Cleary*, 36 F.4th at 515.

In addition, to the extent §§ 523(a) and 1192(2) clash, § 1192(2) governs as the more specific provision. Section 1192 deals directly with Subchapter V discharges, whereas § 523(a) cuts across various Bankruptcy Code provisions. *See* § 523(a) (listing "section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title"). As the Fourth Circuit observed, "to the extent that one might find tension" between the two sections, "the more specific provision should govern over the more general." *Cleary*, 36 F.4th at 515 . . .

Other Code provisions explicitly limit discharges to "individual" debtors. Even traditional Chapter 11 proceedings distinguish discharges for individual and corporate debtors.

By contrast, § 1192 provides dischargeability simply for "the debtor"—which, as noted, the Code defines as encompassing both individual and corporate debtors. *See also Cleary*, 36 F.4th at 515–16 (distinguishing § 1192 from other provisions that "conscientiously defined and distinguished the kinds of debtors covered"). We cannot add words to § 1192 that Congress did not enact. *See Russello v. United States*, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts

intentionally and purposely in the disparate inclusion or exclusion." (quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972))). . . .

[T]he Chapter 12 discharge provision, covering family farmers or fishermen . . . is virtually identical to § 1192. *See* 11 U.S.C. § 1228(a). Chapter 12 allows "the debtor" a discharge of all specified debts "except any debt ... *of a kind specified in section 523(a) of this title.*" *Ibid.* (emphasis added). As the Fourth Circuit recognized, "courts construing the scope of § 1228(a) have concluded that [its] discharge exceptions apply *to both individual debtors and corporate debtors.*" *Cleary*, 36 F.4th at 516 (citing *231 Sw. Ga. Farm Credit, Aca v. Breezy Ridge Farms, Inc. (In re Breezy Ridge Farms, Inc.)*, 2009 WL 1514671, at *1–2 (Bankr. M.D. Ga. May 29, 2009); *New Venture P'ship v. JRB Consol., Inc. (In re JRB Consol., Inc.)*, 188 B.R. 373, 374 (Bankr. W.D. Tex. 1995)).

In particular, the *JRB Consolidated* bankruptcy court reasoned that "[t]he wording in § 1228(a)(2) describing '*debts* of the kind' specified in § 523(a) does not naturally lend itself to incorporate the meaning 'for *debtors* of the kind' referenced in § 523(a)." 188 B.R. at 374 (emphasis added). We see no reason why this sound analysis of § 1228(a)'s text would not apply equally to the substantively identical phrase in § 1192(2). *Accord Cleary*, 36 F.4th at 517 ("[I]dentical words and phrases within the same statute should normally be given the same meaning." (quoting *Hall v. United States*, 566 U.S. 506, 519, 132 S.Ct. 1882, 182 L.Ed.2d 840 (2012))) Moreover, § 1228(a) is also referenced in § 523(a)'s preamble along with § 1192. *See* § 523(a) (referencing "[a] discharge under section ... 1192 [and] 1228(a)"). So, if we adopted the restrictive reading of § 1192 urged by GFS, it would undermine bankruptcy courts' interpretation of § 1228(a). *Accord Cleary*, 36 F.4th at 516. We decline to do so. . . .

In the SBRA [(Small Business Reorganization Act of 2019)], Congress sought to help small business debtors by abrogating the absolute priority rule, allowing equity owners to retain their interests even though junior creditors are not paid in full. *See* 11 U.S.C. § 1191(c). The plan needs only ensure that the debtor's disposable income be paid to creditors for three to five years. *Cleary*, 36 F.4th at 514 (citing *id.* § 1191(c)(2)(A) and (3)). Congress did not stop there, though. To counterbalance that benefit to debtors, Congress excepted from discharge "any debt ... of the kind specified in section 523(a)." *Id.* § 1192(2). In other words, like most legislation, Subchapter V is a compromise: affording small business debtors unique benefits while subjecting them to § 523(a)'s dischargeability exceptions. *See Cleary*, 36 F.4th at 517 ("Given the elimination of the absolute priority rule, Congress understandably applied limitations on the discharge of debts to provide an additional layer of fairness and equity to creditors to balance against the altered order of priority that favors the debtor.").

### B. Defendant's Authority

Defendant cites only one case in support of the motion to dismiss:

> The U.S. Bankruptcy Appellate Panel of the Ninth Circuit held that the discharge exceptions under Section 523(a) do not apply to corporate debtors under Subchapter V of Chapter 11 of the Bankruptcy Code.

*Lafferty v. Off-Spec Sols., LLC* (*In re Off-Spec Sols., LLC*), 651 B.R. 862, 873 (B.A.P. 9th Cir. 2023) ["We hold that § 1192 does not make debts specified in § 523(a) applicable to corporate debtors in subchapter V."]

*In re Off-Spec Solutions, LLC* was decided after *Cleary,* with which it disagreed. However, in turn, *In re Off-Spec Solutions, LLC* was among the cases acknowledged by the Fifth Circuit in *Matter of GFS Industries, L.L.C.* when it reached exactly the opposite result, and reversed the dismissal of an adversary proceeding brought against the debtor limited liability company under Section 523(a). *Matter of GFS Indus., L.L.C.,* 99 F.4th 223, 227 (5th Cir. 2024). The reasoning of the two Circuit Courts to have considered the issue – in short, that Section 1192 means what it says, "even if there is a certain textual awkwardness in the Bankruptcy Code," *Id.* at 226 -- is better than the reasoning of the BAP in *In re Off-Spec Solutions, LLC,* which admitted to being "puzzled" that a result of its decision was that "a debtor with False Claims Act liability of tax fraud liability could discharge such debt under a nonconsensual plan, but not under a consensual plan," and which also acknowledged that it was "vexing that our interpretation means that a corporate debtor gets a slightly broader discharge under § 1192 than under a consensual plan." *In re Off-Spec Sols.,* 651 B.R. at 871 & 873.

Furthermore, over the course of its opinion in *Matter of GFS Industries, LLC*, the Fifth Circuit expressly considered the various types of analysis and reasoning about Section 1192 that were advanced by the debtor and the bankruptcy court in that case -- analysis and reasoning similar to that in *In re Off-Spec Solutions, LLC* – and the Fifth Circuit explained its reasoning for rejecting that analysis and reasoning, and reaching its conclusion despite debtor's various argument about surplusage, the larger context of the Bankruptcy Code, similar language in Section 1228(a)(2) covering family farmers or fisherman, and congressional purpose, etc. *Matter of GFS Indus., L.L.C.* 99 F.4th at 228–232. In short, the Fifth Circuit properly and soundly:

(1) Gave effect to the express language of 1192 as enacted by Congress;

(2) Considered other pertinent aspects of statutory interpretation;

OPPOSITION TO MOTION TO DISMISS

(3) Recognized that Subchapter V represented a compromise – elimination of the absolute priority rule for small business debtors to permit the owners to retain their interest in the debtor, coupled with subjecting those debtors to limitations on discharge to "provide an additional layer of fairness and equity to creditors to balance the altered order of priority"; and

(4) Concluded that, "in the face of Section 1192(2)'s plain language and context," it had "no authority" to "rewrite that compromise."

*Matter of GFS Indus., L.L.C.,* 99 F.4th at 232.

Furthermore, none of the cases cited above involved the unique facts present here, where the debtor LLC is alleged to be, and has been adjudicated to be, the alter ego of an individual, Demas Yan, against whom plaintiff-creditor has been litigating for over a decade. RJN, Exhs. 1, 2 & 3. Yan is known to live his economic life under other people's names and divert his assets to others. For example:

> Yan testified he sold his membership in an LLC (limited liability company) to two persons for $650,000, but could not remember their names.
>
> Yan testified that his mother provided him checks, but could not remember whether the checks numbered more than a hundred; when the most recent check was received; or when his mother last worked or her last job.
>
> Yan testified that he was the sole support for his children, supported solely by his income, which for 2014 was "less than [$]10,000." The support included rent, which included $8,400 in 2014, but he refused to provide the identity of the person to whom the rent was paid. Yan was asked the source of the money to pay his children's rent, and he said it was from his "income." Asked if that was from legal fees, Yan said, "I don't know."

*Li v. Yan*, 247 Cal.App.4th 56, 69 (2016).

As an individual, Yan would not be able to dodge his fraud judgment by running into bankruptcy court. Nor would he be able to use the corporate form of an entity, in a bankruptcy, to escape his own personal liability. *See*, e,g., *In re Schaefers,* 623 B.R. 777, 784–785 (B.A.P. 9th Cir. 2020) (explaining that alter ego "is a procedural device that permits courts to disregard the legal separateness between a business entity and an owner for limited purposes – such as 'where the corporate form is being used by the individuals

to escape personal liability, sanction a fraud, or promote injustice," and that "[t]ypically, the entity's separate identity is disregarded 'so that the corporation will be liable for acts of the stockholders or the stockholders liable for acts done in the name of the corporation'" (citations omitted)). It would be incongruous if Yan could instead continue to live his economic life under alter-ego entities and have those alter egos obtain a discharge that he himself could not and should not. Section 1192, read in the plain meaning of the words, would prevent that incongruous result.

While the Ninth Circuit treats the BAP's decisions as persuasive authority," *In re Silverman*, 616 F.3d 1001, 1005, fn. 1 (9th Cir. 2010), well-reasoned decisions from other Circuits can also be persuasive authority. "An authority derives its persuasive power from its ability to convince others to go along with it." *Apache Stronghold v. United States,* 101 F.4th 1036 (9th Cir. 2024) (citations omitted). It is an "open question" in the Ninth Circuit as to whether BAP decisions are binding on the bankruptcy courts of the Circuit. *In re Grant,* 423 B.R. 320, 321 (Bankr. S.D. Cal. 2010); *In re Silverman,* 616 F.3d at 1005 ("[W]e have never held that all bankruptcy courts in the circuit are bound by the BAP"); *In re Zimmer,* 313 F.3d 1220, 1225 n. 3 (9th Cir.2002) ("the binding nature of Bankruptcy Appellate Panel decisions [is] an open question in this circuit").

## IV.
## CONCLUSION

Defendant's motion to dismiss should be denied, for the reasons discussed above.

DATED: June 7, 2024

                                                                     /s/ Duy Thai
                                                                     Duy Thai
                                                      Attorney for Charles Li

=