Duy Thai, SBN 157345
One Sansome Street, Suite 3500
San Francisco, California 94104
Tel: 415 296-9927
Fax: 415 230-5779

Attorney for Charles Li

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re:<br>LEGAL RECOVERY, LLC<br><br>Debtor,<br><br>_____<br><br>CHARLES LI,<br><br>Plaintiff,<br><br>v.<br><br>LEGAL RECOVERY, LLC,<br><br>Defendant | Case No.: 24-30074<br>Chapter 11<br><br>A.P. No. 24-03022<br><br>FIRST AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT (11 U.S.C. §§523(a)(2)(A), 523(a)(4), AND 523(a)(6)) |

1.     Debtor and defendant herein filed a petition for relief under Chapter 11 of the Bankruptcy Code on February 6, 2024.

2.     This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157, 1334 and 11 U.S.C. § 523.

3.     This is a core proceeding over which this Court has jurisdiction under title 28 U.S.C. §157(b)(2)(I).

4.     Venue is proper under 28 U.S.C. § 1409(a).

5.     Plaintiff is a natural person residing in this judicial district.

**Debtor's Alter Ego Liability**

6.    Debtor is a limited liability company, formed in December 2013, under the laws of the State of California.

7.    Demas Yan ("Yan"), the manager of debtor, is a natural person and former attorney disbarred by the State Bar of California. Plaintiff is informed and believes, and based thereon alleges, that debtor was formed by Yan, who thereafter has exercised sole, exclusive and dominating control over it, in bad faith.

8.    Yan formerly placed his mother Tina Yan as the figurehead manager of debtor, even though she had dementia, as was revealed when she filed her own bankruptcy petition in this Court (Case No. 22-30407).

9.    Yan's control over and manipulation of debtor and defendant, his mother, and his father are detailed in I*n re Lombard Flats, LLC*, No. 15-CV-00870-PJH, 2016 WL 1161593, at *7 (N.D. Cal. Mar. 23, 2016), and has included, among other things, using Debtor, Yan's father, and other entities as alter-egos to file lawsuits identical to lawsuits that Yan himself filed but that were dismissed. For example, on May 31, 2024, the California Court of Appeal issued a decision affirming the trial court's decision in *Legal Recovery v. Crystal Lei, CGC-19-579664* (San Francisco Superior Court), finding that Legal Recovery is an alter ego of vexatious litigant Yan. *Legal Recovery LLC v. Crystal Lei, et al.* (Cal. Ct. App., May 31, 2024, No. A167818) 2024 WL 2792919 (unpub.) (affirming dismissal, affirming sanctions, and imposing further sanctions). Indeed, in another proceeding, Yan's father testified that he signed whatever Yan told him to sign, or words to that effect.

10.    As more fully alleged below, Yan is a debtor on two judgments in favor of plaintiff Charles Li, an elderly man with limited knowledge of the law and the English language. The first judgment was obtained in May 2013, i.e., before the formation of debtor. The second judgment was obtained in May 2016. The ongoing failure of Yan to satisfy those judgments has damaged plaintiff.

Case: 24-03022   Doc# 1   Filed: 08/23/24   Entered: 08/23/24 18:56:12   Page 2 of 46
COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT (11 U.S.C. §§ 523(a)(2), 523(a)(4), 523(a)(6))

1          11.     Plaintiff is informed and believes, and on the basis of that information and belief alleges, that Yan has rendered himself insolvent in an ongoing attempt to make himself judgment-proof, and is purportedly unable to satisfy his obligations under the judgments.

12.     In that regard, Yan's hiding of assets through relatives is detailed in *Li v. Yan*, 247 Cal.App.4th 56 (2016), and *In re Yan*, No. BAP NC-10-1476-JUHPA, 2011 WL 2923855 (B.A.P. 9th Cir. July 11, 2011), and has included, among other things: (a) transferring real property at 547 23rd Avenue, San Francisco, California to a limited liability company; and (b) transferring interests in the limited liability company to three of his relatives; channeling fees earned from his unauthorized practice of law through the accounts of relatives; granting his wife a deed of trust that had no underlying debt.

13.     Debtor is liable for the liabilities of Yan alleged in this complaint as Yan's alter ego. Recognition of the privilege of separate existence would promote injustice and lead to an inequitable result, because Yan in bad faith dominated and controlled debtor as follows, such that their separate personalities no longer exist:

          a.     Yan (manager of debtor) caused his funds and other assets to be comingled with debtor's funds and assets, in bad faith, and for Yan's convenience and to assist him in evading payment of his obligations and enforcement of the judgments against him. Specifically, and among other things: (i) Yan (manager of debtor) caused his funds and other assets to be comingled with debtor's funds and assets, in bad faith, and for Yan's convenience and to assist him in evading payment of his obligations and enforcement of the judgments against him; (ii) a community property promissory note in the name of Yan's wife was transferred to debtor; (iii) funds from debtor's bank account were used to open an escrow on a property purchased by a different entity Yan created and controls, Noble Lane LLC; and (iv) funds from debtor's bank account were used to open an escrow on a property that Yan's mother Tina Yan elsewhere listed as her own asset.

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT (11 U.S.C. §§ 523(a)(2)(A), 523(a)(4),
523(a)(6))

1           b.      Yan diverted funds and other assets of debtor to other than

2 corporate uses. Specifically, and among other things: (a) the fees for the management of

3 undisclosed real property of unknown ownership were charged on a Legal Recovery

4 credit card; and (b) legal and accounting fees for undisclosed and unrelated matters were

5 paid from debtor's bank account.

6           c.      Plaintiff is informed and believes, and based thereon

7 alleges that, Yan failed to maintain adequate corporate records of debtor. Specifically and

8 among other things, debtor did not have an operating agreement, file tax returns, or

9 maintain accounting records.

10          d.      Yan failed to adequately capitalize debtor, as demonstrated

11 by its current insolvency and pending bankruptcy.

12          e.      Yan used debtor as a mere shell, instrumentality, and

13 conduit to conduct his own business and personal activities, without holding assets in his

14 own name, in order to avoid enforcement of the judgments against him.

15          f.      Yan has used debtor to procure labor, services, or

16 merchandise for an unknown other person or entity. Specifically and among other things,

17 fees for the management of undisclosed real property of unknown ownership were

18 charged on a Legal Recovery credit card; and (b) legal and accounting fees for

19 undisclosed and unrelated matters were paid from debtor's bank account.

20                          **Plaintiff's Claims**

21        14.      On May 7, 2013, plaintiff obtained a judgment against Yan for

22 professional malpractice, unauthorized practice of law, and fraud in *Charles Li v. Demas*

23 *Yan*, CGC-10-497990 (San Francisco Superior Court). The fifth amended judgment was

24 entered on November 30, 2018 for $1,498,422.01. It has not been satisfied, and additional

25 judgment interest and attorneys' fees have accrued. A true and correct copy of the fifth

26 amended judgment is attached hereto as Exhibit A.

27        15.      On June 24, 2016, plaintiff obtained a judgment against Yan, his

28 mother, and two brothers-in-law for fraudulent transfer in *Charles Li v. Thai Ming Chiu,*

Case: 24-03022   Doc# 11   Filed: 08/23/24   Entered: 08/23/24 18:30:12   Page 4 of 46

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT (11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), 523(a)(6))

1  *et al.*, CGC-14-537574 (San Francisco Superior Court). The action was a proceeding to
2  enforce and collect on plaintiff's judgment in *Li v. Yan*. The amount outstanding,
3  including additional attorneys' fees, is approximately $3,000,000. A true and correct
4  copy of that judgment is attached hereto as Exhibit B.

5      16.    Debtor is liable to plaintiff for the amounts owing by Yan under
6  those judgments, under the theory of alter ego liability, for the reasons, and based upon
7  the facts, alleged above.

8  **CAUSES OF ACTION**
9  **Plaintiff's Claims Are Nondischargeable**

10      17.    Under 11 U.S.C. § 523(a)(2)(A), (a)(4) and (a)(6), debtor's
11  indebtedness to plaintiff is nondischargeable.

12  **FIRST CAUSE OF ACTION**
13  **Nondischargeability of Debt Under 11 U.S.C. § 523(a)(2)(A)**

14      18.    Plaintiff incorporates the preceding paragraphs as if fully restated
15  herein.

16      19.    11 U.S.C. §523(a)(2)(A) provides that: "(a) A discharge … does
17  not discharge an individual Defendant from any debt, (2) for money, property, services,
18  or an extension, renewal, or refinancing of credit, to the extent obtained by – (A) false
19  pretenses, a false representation, or actual fraud."

20      20.    On March 11, 2013, the trial court in *Li v. Yan* entered its
21  statement of decision is that matter. A true and correct copy of that statement of decision
22  is attached hereto as Exhibit C, and it is incorporated herein by this reference. The trial
23  court found that: "Plaintiff has proved that Defendant committed professional negligence,
24  breach of the fiduciary duty, engaged in the unauthorized practice of law, breach of
25  contract and fraud."

26      21.    In the statement of decision, the trial court took seven pages to
27  explain the details of the interactions between Yan and Li, beginning with a joint venture
28  between Yan and a friend of his, Tony Fu, for development of property, and an

5

assignment to Li of Fu's interest in the property which led to various disputes, during which Yan gave legal advice to Li, both as a law student, and later as a licensed attorney.

22.     As described in the statement of decision, and among other things:

a.     Yan fraudulently convinced Li that he had superior strategy and knowledge of the law, coupled with personal knowledge of Fu and his former wife that placed him in a better position to advise Li than his attorney. Yan fraudulently advised Li, based on his fraudulent claim of legal expertise, that Li had no contract claim against Yan and should instead pursue Tony Fu exclusively.

b.     Yan instructed Li to just sign a form dismissing Li's then pending breach of contract suit against Yan and send it to him. Yan completed the form and checked the dismissal "with prejudice" box. Li was unaware that the dismissal was with prejudice and did not know the legal significance of "with prejudice" or "without prejudice." Yan e-mailed a dismissal of Li's bankruptcy claim to Li, which Li signed. Yan filed both forms in August 2007, resulting in dismissal of the breach of contract action with prejudice and dismissal of the associated bankruptcy proof of claim.

c.     Li's attorney-of-record withdrew, and Yan instructed Li to represent himself. Yan assured Li that he would advise him on the conduct of the suit until Yan was licensed and could assume formal representation as Li's attorney. Li complied and was self-represented, with Yan giving him directions on how to proceed.

d.     Yan filed suit against Li and others, telling Li he had named him as a matter of legal procedure, and did not explain the conflict or Li's potential liability.

e.     An expert witness testified on behalf of Li that: (i) those who engage in the unauthorized practice of law (i.e., Yan) are held to the same ethical standards and standards for the duty of care and fiduciary duty as attorneys; (ii) Yan had failed to meet the standard of care and fiduciary duty in his representation of Li because of conflicts of interest, i.e., Yan had a personal interest adverse to Li; and (iii) Yan

1  demonstrated that adverse interest when he influenced Li to dismiss his case against Yan,

2  which benefitted only Yan, and never advised Li to reinstate his valid claim against Yan.

3  f.  Yan did not disclose his conflicts of interest, the legal

4  advice was false, and "[t] he breach of standard of care and fiduciary duty by Yan was a

5  substantial factor in causing Li to lose his claim against Yan on the assignment." Li was

6  forced to forfeit his right to proceed against Yan and Fu together.

7  23.  The judgment that resulted from Yan's conduct as alleged above

8  (along with all associated fees, costs and interest), and detailed more fully in the

9  statement of decision, constitutes a debt for money, property, [or] services . . . obtained

10  by . . . false pretenses, a false representation, or actual fraud," because: (a) Yan made

11  misrepresentations of fact and law to Li, affirmatively and by omission, and engaged in

12  deception; (b) Yan knew of the falsity and deceptiveness of his statements and conducts,

13  by reason of his experience and legal training; (c) Yan intended to deceive Li, in order to

14  obtain property, i.e., the personal and pecuniary benefit of getting a lawsuit against

15  himself dismissed with prejudice; (d) Li justifiably relied on Yan's statement and

16  conduct; and (e) Li's reliance proximately caused him damage from his lost rights and

17  claims.

18  24.  On June 24, 2016, the trial court in *Li v. Chiu* entered its statement

19  of decision in that matter. A true and correct copy of that statement of decision is

20  attached hereto as Exhibit D, and it is incorporated herein by this reference. The trial

21  court found, among other things, that:

22  1.  Plaintiff has a right to payment from Demas Yan.
23  2.  Plaintiffs right to payment from Demas Yan arose before
       Demas Yan transferred the Subject Property.
24  3.  Demas Yan transferred the Subject Property to [the other ]
       defendants….
25  4.  Demas Yan transferred the Subject Property to defendants with
       the intent to hinder, delay, or defraud plaintiff.
26  5.  Demas Yan failed to receive a reasonably equivalent value in
       exchange for the transfer of the Subject Property.
27  6.  Demas Yan was insolvent at the time of the transfer, or became
28     insolvent as a result of the transfer.

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT (11 U.S.C. §§ 523(a)(2)(A), 523(a)(4),
523(a)(6))

1          7.   Demas Yan's conduct was a substantial factor in causing
                plaintiff's harm. [The other defendants] did not receive the
2               property in good faith.

3          25.    In view of the findings in the statement of decision, the resulting

4   judgment (Exhibit 2 hereto) setting aside the fraudulent transfers, along with all

5   associated fees, costs and interest, is non-dischargeable under 11 U.S.C. §523(a)(2)(A).

6          26.    As a result of Yan's action plaintiff suffered a potential loss in the

7   amount of the judgments (along with all associated fees, costs and interest), for which

8   debtor is liable as Yan's alter ego, as alleged above.

9                              **SECOND CAUSE OF ACTION**

10          **Nondischargeability of Debt Under 11 U.S.C. § 523(a)(4)**

11          27.    Plaintiff incorporates the preceding paragraphs as if fully restated

12  herein.

13          28.    11 U.S.C. §523(a)(4) provides that: "(a) A discharge … does not

14  discharge an individual debtor from any debt . . . (4) for fraud or defalcation while acting

15  in a fiduciary capacity, embezzlement, or larceny."

16          29.    The judgments that resulted from Yan's fraudulent conduct as

17  alleged above, and detailed more fully in the statement of decision, constitute debts owed

18  for fraud while acting in a fiduciary duty, because: (a) Yan was acting in a fiduciary duty,

19  as Li's unlicensed and then licensed attorney; (b) Yan made misrepresentations of fact

20  and law to Li, affirmatively and by omission, and engaged in deception; (c) Yan knew of

21  the falsity and deceptiveness of his statements and conducts, by reason of his experience

22  and legal training; (d) Yan intended to deceive Li, in order to obtain property, i.e., the

23  personal and pecuniary benefit of getting a lawsuit against himself dismissed with

24  prejudice; (e) Li justifiably relied on Yan's statement and conduct; and (f) Li's reliance

25  proximately caused him damage from his lost rights and claims.

26          30.    As such, Yan's debts to Li are non-dischargeable under 11 USC

27  U.S.C. §523(a)(4).

28

Case: 24-03022   Doc# 12   Filed: 08/23/24   Entered: 08/23/24 18:30:12   Page 8 of 46
COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT (11 U.S.C. §§ 523(a)(2)(A), 523(a)(4)
523(a)(6))

1    31.    As a result of Yan's action plaintiff suffered a potential loss in the

2  amount of the judgments (along with all associated fees, costs and interest), for which

3  debtor is liable as Yan's alter ego, as alleged above.

4                        **THIRD CAUSE OF ACTION**

5            **Nondischargeability of Debt Under 11 U.S.C. § 523(a)(6)**

6    32.    Plaintiff incorporates the preceding paragraphs as if fully restated

7  herein.

8    33.    11 U.S.C. 523 (a)(6) provides that: "(a) A discharge … does not

9  discharge an individual Defendant from any debt . . . for willful and malicious injury by

10  the debtor to another entity or to the property of another entity."

11    34.    11 U.S.C. §101(15) provides that: "The term 'entity' includes

12  person, estate, trust, governmental unit, and United States trustee.

13    35.    Yan's debts under the judgment for legal malpractice and fraud

14  constituted debts for "willful and malicious injury . . . to another [person].

15    36.     Those injuries to Li were willful, because:

16            a.    Yan had a subjective motive to inflict the injury, i.e., to be

17  free of Li's claims and potential claims against him; and

18            b.    Plaintiff is informed and believes, and based thereon

19  alleges, that when Yan completed the signed, but only partially completed, dismissals and

20  caused them to be filed, Yan possessed either the subjective intent to cause harm to Li

21  (the loss of his claims against Yan) or he had knowledge (from his legal training) to know

22  that injury to Li was substantially certain to occur as a result from his actions.

23    37.    Those injuries to Li were malicious, because:

24            a.    Yan's actions were wrongful, constituting both professional

25  malpractice and fraud, and Yan acted upon the most severe professional conflict of

26  interest, that between himself and his client, an elderly man with limited knowledge of

27  the law and the English language, and exploited his client for Yan's own benefit.

28

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT (11 U.S.C. §§ 523(a)(4), 523(a)(6))

1                    b.      Yan's actions were intentional, and specifically that (i) Yan

2 intentionally deceived Li (as more fully set forth above), (ii) intentionally failed to

3 disclose his conflicts of interest, (iii) intentionally failed to meet the standard of care, and

4 (iii) intentionally completed the signed, but only partially completed dismissal form, to

5 request dismissal with prejudice and caused them to be filed.

6                    c.      Yan's actions necessarily caused Li to be injured by the

7 loss of Li's claims against Yan; indeed, that was the very point of Yan's intentional acts

8 as alleged herein.

9                    d.      Yan had no just cause or excuse for causing the injury.

10          38.      Yan's debts under the judgment setting aside the fraudulent

11 transfers constitute debts for "willful and malicious injury . . . to another [person].

12          39.      Those injuries to Li were willful, because:

13                    a.      Yan had a subjective motive to inflict the injury, i.e., shield

14 his assets from collection to deprive Li of the ability to collect under the earlier judgment;

15 and

16                    b.      Plaintiff is informed and believes, and based thereon

17 alleges, that when Yan transferred the property to the other defendants in that matter, Yan

18 possessed either the subjective intent to cause harm to Li (to deprive Li of his legitimate

19 rights to collect against Yan's assets on his earlier judgment) or he had knowledge (from

20 his legal training) to know that injury to Li was substantially certain to occur as a result

21 from his actions.

22          40.      Those injuries to Li were malicious, because:

23                    a.      Yan's actions were wrongful, in that Yan transferred the

24 property with the intent to hinder, delay or defraud Li, and Yan failed to receive a

25 reasonably equivalent value for the property.

26                    b.      Yan's actions were intentional, and specifically that Yan

27 transferred the property with the intent to hinder, delay or defraud Li.

28

1              c.     Yan's actions necessarily caused Li to be injured by the

2    fraudulent transfers to the other defendants; indeed, that was the very point of the

3    fraudulent transfers.

4              d.     Yan had no just cause or excuse for causing the injury.

5        41.    As such, Yan's debts to Li are non-dischargeable under 11 USC

6    U.S.C. §523 (a)(6).

7        42.    As a result of Yan's action plaintiff suffered a potential loss in the

8    amount of the judgments (along with all associated fees, costs and interest), for which

9    debtor is liable as Yan's alter ego, as alleged above.

10                         PRAYER

11   Wherefore, plaintiff PRAYS that the Court enter a judgment or order:

12       1.    Declaring that debtor is debtor is liable to plaintiff for the amounts

13   owing by Yan under those judgment, under the theory of alter ego liability

14       2.    Determining that debtor's debt to plaintiff is nondischargeable.

15       3.    Awarding plaintiff an amount subject to proof but no less than

16   $3,000,000.

17       4.    Awarding interest and reasonable attorneys' fees and costs.

18       5.    Awarding such other relief as is just and proper.

19

20   DATED: August 23, 2024

21                           /s/ Duy Thai

22                           Duy Thai
                         Attorney for Charles Li

23   =

24

25

26

27

28

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT (11 U.S.C. §523 (a)(3)(A), 523(a)(4), 523 (a)(6))

# Exhibit A



**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

# Document Scanning Lead Sheet

Nov-30-2018  1:58 pm

Case Number: CGC-10-497990

Filing Date: Nov-30-2018 1:56

Filed by:  ALVIN MOK

Image: 06592739

COURT JUDGMENT - GENERAL

CHARLES LI VS. DEMAS YAN et al

001C06592739

**Instructions:**

Please place this sheet on top of the document to be scanned.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Duy Thai, SBN 157345 <br> One Embarcadero Center, Suite 1020 <br> San Francisco, California 94111 <br> TELEPHONE NO.: (415) 296-9927    FAX NO. *(Optional)*: (415) 230-5779 <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: CHARLES LI | **F I L E D** <br> *San Francisco County Superior Court* <br> NOV 3 0 2018 <br> CLERK OF THE COURT <br> BY: _____ <br> Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, California 94102
BRANCH NAME: Civic Center Courthouse

PLAINTIFF: CHARLES LI

DEFENDANT: DEMAS YAN, et al.

| *Fifth Amended* JUDGMENT <br> ☐ By Clerk    ☐ By Default    ☑ After Court Trial <br> ☑ By Court    ☐ On Stipulation    ☐ Defendant Did Not Appear at Trial | CASE NUMBER: <br> CGC-10-497990 |

<b>JUDGMENT</b>

1. ☐ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☐ **Clerk's Judgment** (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. ☐ **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☐ plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. ☐ **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. ☐ the signed written stipulation was filed in the case.
   c. ☐ the stipulation was stated in open court    ☐ the stipulation was stated on the record.

3. ☑ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time)*: March 19, 2012, 9:30am
      before *(name of judicial officer)*: Honorable Cynthia Ming-mei Lee
   b. Appearances by:
      ☑ Plaintiff *(name each)*:      ☐ Plaintiff's attorney *(name each)*:
      (1) Charles Li          (1) Duy Thai
      (2)          (2)
      ☐ Continued on Attachment 3b.

      ☑ Defendant *(name each)*:      ☐ Defendant 's attorney *(name each)*:
      (1) Demas Yan, a.k.a. Dennis Yan      (1) in pro per
      (2)          (2)
      ☐ Continued on Attachment 3b.

   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.
   d. ☑ A statement of decision (Code Civ. Proc., § 632) ☐ was not ☑ was   requested.

Form Approved for Optional Use
Judicial Council of California
JUD-100 [New January 1, 2002]
**JUDGMENT**
Code of Civil Procedure, §§ 585, 664.6

*Fifth Amended*

| PLAINTIFF: CHARLES LI | CASE NUMBER: |
|---|---|
| DEFENDANT: DEMAS YAN, et al. | CGC-10-497990 |

**JUDGMENT IS ENTERED AS FOLLOWS BY:** ☑ THE COURT ☐ THE CLERK

4. ☐ **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5. **Parties.** Judgment is

a. ☑ for plaintiff (name each):

    Charles Li

    and against defendant (names):

    Demas Yan, a.k.a. Dennis Yan

    ☐ Continued on Attachment 5a.

b. ☐ for defendant (name each):

c. ☐ for cross-complainant (name each):

    and against cross-defendant (name each):

    ☐ Continued on Attachment 5c.

d. ☐ for cross-defendant (name each):

6. **Amount.**

a. ☑ Defendant named in item 5a above must pay plaintiff on the complaint:

| | | | |
|---|---|---|---|
| (1) | ☑ | Damages | $ 254,411.06 |
| (2) | ☑ | Prejudgment interest at the annual rate of 10 % | $ 149,667.29 |
| (3) | ☑ | Attorney fees | $ 684,053.00 |
| (4) | ☑ | Costs | $ 26,863.21 |
| (5) | ☑ | Other (specify): postjudgment interest | $ 383,427.45 |
| (6) | | **TOTAL** | $ 1,498,422.01 |

c. ☐ Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| | | | |
|---|---|---|---|
| (1) | ☐ | Damages | $ |
| (2) | ☐ | Prejudgment interest at the annual rate of % | $ |
| (3) | ☐ | Attorney fees | $ |
| (4) | ☐ | Costs | $ |
| (5) | ☐ | Other (specify): | $ |
| (6) | | **TOTAL** | $ |

b. ☐ Plaintiff to receive nothing from defendant named in item 5b.

    ☐ Defendant named in item 5b to recover costs $

        ☐ and attorney fees $

d. ☐ Cross-complainant to receive nothing from cross-defendant named in item 5d.

    ☐ Cross-defendant named in item 5d to recover costs $

        ☐ and attorney fees $

7. ☐ Other (specify):

Date: Nov 30, 2018

☑ _____ (signature)

JUDICIAL OFFICER

CYNTHIA MING-MEI LEE

Date: _____

☐ Clerk, by _____, Deputy

**CLERK'S CERTIFICATE** (Optional)

(SEAL)

I certify that this is a true copy of the original judgment on file in the court.

Date: _____

Clerk, by _____, Deputy

Page 2 of 2

JUD-100 [New January 1, 2002] **JUDGMENT**

# Exhibit B



**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

# Document Scanning Lead Sheet

Jun-24-2016  3:58 pm

Case Number: CGC-14-537574

Filing Date: Jun-24-2016 3:57

Filed by:  YOLANDA MAZARIEGOS

Image: 05451062

TEXT JUDGMENT

CHARLES LI VS. THAI MING CHIU et al

001C05451062

**Instructions:**
Please place this sheet on top of the document to be scanned.

Duy Thai, SBN 157345
One Embarcadero Center, Suite 1020
San Francisco, California 94111
Tel: 415 296-9927
Fax: 415 230-5779

Attorney for Plaintiff Charles Li

F I L E D
San Francisco County Superior Court

JUN 2 4 2016

CLERK OF THE COURT
BY: _J. Maganinos_
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

CHARLES LI, an individual,

     Plaintiff,

   v.

THAI MING CHIU, an individual,
DEMAS YAN, an individual, KAMAN
LIU, an individual, TINA YAN a/k/a
TINA FOON YU YAN, an individual,
CHEUK TIN YAN, an individual, 547
23RD AVENUE, LLC, a California limited
liability company, 547 INVESTMENTS
LLC, a California limited liability
company,

     Defendants.

Case No.: CGC-14-537574

[PROPOSED] JUDGMENT SETTING
ASIDE FRAUDULENT TRANSFERS

  This action came on regularly for trial on April 4, 5, 7, 8, 11, and 14,
2015, in Department 504 of the San Francisco County Superior Court, the Honorable
Suzanne ~~Susan~~ R. Bolanos presiding. Duy Thai and Stewart Kellar appeared as attorneys for
plaintiff Charles Li. Albert Boasberg and Demas Yan appeared as attorneys for
defendants Thai Ming Chiu, KaMan Liu, Cheuk Tin Yan, and Tina Yan.

  The default of defendant Demas Yan was previously entered on May 21,
2014. The default of defendant 547 Investments, LLC was previously entered on May 21,

1   2014. The default of defendant 547 23rd Avenue, LLC was previously entered on

2   September 25, 2014. Plaintiff filed the request for dismissal of Does 1 through 50 on

3   August 25, 2015.

4           On April 14, 2016, the jury rendered verdict against each of appearing

5   defendants Cheuk Tin Yan, Tina Yan, Thai Ming Chiu, and KaMan Liu. On the same

6   date, the Court also ruled that defendants have failed to establish any equitable grounds

7   for altering the jury verdict.

8           Accordingly, the Court hereby ADJUDGES, ORDERS, and DECLARES

9   against all defendants as follows:

10          A.      Judgment of $824,180.57 is hereby entered jointly against Cheuk

11  Tin Yan and Tina Yan.

12          B.      Judgment of $324,167.58 is hereby entered against Thai Ming

13  Chiu.

14          C.      Judgment of $72,037.24 is hereby entered against KaMan Liu.

15          D.      The real property referred to herein is situated in the State of

16  California, City and County of San Francisco, and is legally described as follows:

17  "Commencing at a point on the Westerly line of 23rd Avenue, distant thereon 275 feet

18  Southerly from the Southerly line of Anza Street; running thence Southerly along said

19  Westerly line of 23rd Avenue 25 feet; thence at a right angle Westerly 120 feet; thence at

20  a right angle Northerly 25 feet; and thence at a right angle Easterly 120 feet to the

21  Westerly line of 23rd Avenue and the point of commencement. Being a portion of

22  Outside Land Block No. 306. Assessor's Lot 12, Block 1566." It is referred to herein as

23  the "Subject Property."

24          E.      Default judgment is hereby entered against defendants Demas Yan

25  and 547 23rd Avenue, LLC. The transfer of the Subject Property from defendant Demas

26  Yan to defendant 547 23rd Avenue, LLC, recorded as Document I503243 BK-PG: J538-

27  0442 in the records of the Office of the Assessor-Recorder, City and County of San

28

Francisco, California, is fraudulent, void, and hereby set aside to the extent necessary to satisfy plaintiff's judgment against defendant Demas Yan in *Charles Li v. Demas Yan*, San Francisco Superior Court No. CGC-10-497990, as further amended to include any additional attorneys' fees, costs, and interest provided by law ("Underlying Judgment");

F.    The transfer of Demas Yan's membership interests in 547 23rd Avenue, LLC, from defendant Demas Yan to defendants Thai Ming Chiu, Kaman Liu, and Tina Yan was made with the intent to hinder, delay, or defraud plaintiff; was received without good faith and not in exchange for reasonably equivalent value; and is hereby set aside to the extent necessary to satisfy plaintiff's Underlying Judgment;

G.    Default judgment is hereby entered against defendants 547 23rd Avenue, LLC and 547 Investments, LLC. The conveyance of the Subject Property from defendant 547 23rd Avenue, LLC to defendant 547 Investments LLC, recorded as Document J784407 BK-PAG: L025-0559 in the records of the Office of the Assessor-Recorder, City and County of San Francisco, California, is fraudulent, void, and hereby set aside to the extent necessary to satisfy plaintiff's Underlying Judgment.

H.    For the purpose of satisfying plaintiff's Underlying Judgment, and for that purpose only, Demas Yan is DECLARED the sole owner of all legal and equitable title or interest in the Subject Property. Plaintiff may execute or foreclose on the Subject Property to satisfy plaintiff's Underlying Judgment.

I.    Plaintiff may seize, execute on, or foreclose on any real or personal property of any defendant provided that recovery against any defendant shall not exceed the money judgment amount entered above against that specific defendant, and further provided that plaintiff's aggregate recovery shall not exceed the sum of plaintiff's Underlying Judgment and the costs awarded hereunder in Paragraph L.

J.    The Court hereby ORDERS all defendants to do the following in relation to the Subject Property: (1) maintain, receive, and collect all rents, security deposits, and other rental or lease payments in the ordinary course of business; (2)

1 maintain and continue payment on all required taxes, fees, mortgages, reasonable

2 insurance, and reasonable expenses in the ordinary course of business; (3) secure and

3 maintain all books, documents, and records relating to the matters in (1) and (2) in this

4 Section, and render an accounting of the same upon request by plaintiff.

5        K.    The Court hereby ENJOINS all defendants from doing the

6 following in relation to the Subject Property: (1) committing or permitting any waste on

7 the Subject Property; (2) committing or permitting any act in violation of law; (3)

8 removing, encumbering, wasting, or otherwise disposing of any of the fixtures on the

9 property; (2) selling, transferring, disposing, encumbering, concealing, or otherwise

10 transferring the Subject Property without a prior court order; and (3) doing any act that

11 will impair the preservation of the Subject Property or plaintiff's interest in the Subject

12 Property.

13

14 DATED: 6/24/16

15

16

17                                Honorable Suzanne R. Bolanos

18                                Judge of the Superior Court

19

20

21

22

23

24

25

26

27

28

JUDGMENT SETTING ASIDE FRAUDULENT TRANSFERS
Li v. Chiu, et al., CGC-14-537574

# Exhibit C



# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Mar-11-2013 3:43 pm

Case Number: CGC-10-497990

Filing Date: Mar-11-2013 3:42

Filed by: MELINKA JONES

Juke Box: 001    Image: 03974680

STATEMENT OF DECISION

CHARLES LI VS. DEMAS YAN et al

001C03974680

**Instructions:**
Please place this sheet on top of the document to be scanned.

1

2

3

4       **FILED**

San Francisco County Superior Court

MAR 1 1 2013

CLERK OF THE COURT
BY: _____
                Deputy Clerk

SUPERIOR COURT OF CALIFORNIA,

COUNTY OF SAN FRANCISCO

DEPARTMENT 306

CHARLES LI, an individual,                )      **Case No. CGC-10-497990**
                                          )
                                          )
          Plaintiff,                      )      **STATEMENT OF DECISION**
     vs.                                  )
                                          )
                                          )
DEMAS YAN, an individual,                 )
and DOES 1 TO 10, Inclusive               )
                                          )
          Defendants.                     )
_____)

This matter came on for trial on March 19, 26-April 2, May 30, July 10, 2012. Thereafter, supplemental briefs and Proposed Statements of Decision were submitted by both sides subsequent to July 10, 2012. Plaintiff Charles Li was represented by Duy Thai. Defendant Demas Yan was self- represented.

On March 22, 2010, Charles Li filed this action for Professional Negligence, Breach of Fiduciary Duty, Unlawful, Unfair or Fraudulent Business Practice, Breach of Contract, and Fraud. On April 2, 2012, Li filed a First Amended Complaint.

After full consideration of all the evidence presented at trial, exhibits, arguments of counsel, supplemental briefs, proposed statements of decision, and pleadings, the court finds that Plaintiff has proved that Defendant committed professional negligence, breach of the fiduciary duty, engaged in the unauthorized practice of law, breach of contract and fraud.

**FACTS**

On September 13, 2000, Defendant Yan and a third party, Tony Fu entered into an agreement to develop property at 547 23rd Avenue, San Francisco, California (hereinafter the "Property") (Joint Ex. 1). The agreement stated:

> "1. Demas will pay Tony $3000 monthly (sic) salary during the construction period.
>
> 2. Demas will pay Tony 10% of the sold price (or appraisal market price shall (sic) Demas choose to keep the building) Within six months after Final Inspection of the project."

The Property was purchased from Fu's ex-wife (Crystal Lei) for $250,000. Work permits had previously been taken out by Fu. A revised permit was issued on September 24, listing Yan as the owner and Fu as the general contractor. Fu started work that continued until the Department of Building Inspections (DBI) placed a stop work order on the project in May 2001. Fu did not perform any further construction work after May 17, 2001. A successful appeal followed and new permits were issued in July 2002, listing Yan as the owner-builder. Fu was not listed on the new permits. Fu's contractor license had been suspended in October 2001 and lapsed on October 31, 2001.

On August 28, 2002, Yan and Fu executed a "Memorandum" detailing a discussion between the parties two days earlier, regarding the original Agreement (Joint Ex. 9). Yan signaled his intent to cancel the Agreement. He had obtained a contractor's license and wanted to finish the project himself. The pertinent parts of this document are:

> "Demas stated that he would like to pay Tony for past services and buy out Tony's interest in the property, as specified in the agreement"

1    and further acknowledged Fu's substantial services in the construction specifically.

2          On September 2, 2002, in a memorandum entitled "Termination of September 13, 2000

3    Agreement" (Joint Ex. 10), Yan provided notice of intention to terminate the Agreement, and

4    reiterated having his own contractor's license as the reason for the termination.  The document

5    further stated:

6                "To the extent that I owe you money for your services, I will pay everything I

7                owe no later than the close of escrow for the sale of my interest in the property

8                located at 663 Chenery Street, San Francisco."

9          Both parties signed this memorandum.  "663 Chenery Street" referred to a joint venture

10   project which Yan and Fu entered into on October 18, 2000.  The written agreement on that

11   project delineated percentage ownership, cost responsibilities, distribution of proceeds and the

12   right to assign or transfer ownership by each party.  There was litigation in Bankruptcy Court

13   relating to an assignment by Fu to an unrelated party.  (Pl. Ex. 96).  The Chenery Street project

14   was completed and the property was sold in 2005.

15         Yan and Fu were in business together, jointly exploring and developing construction

16   projects. They had been friends for some time. Yan sometimes referred to Fu as his "partner",

17   although there was no legal formal partnership agreement. The testimony at trial was there were

18   four separate projects they were engaged in together. In September 2002, Yan and Fu started

19   several remodel/development projects, the Property and 663 Chenery Street. In each of these two

20   projects, Fu contributed construction and non-construction activity. Fu  obtained the permits and

21   plans for construction prior to the transfer of the Property to Yan, and thereafter performed

22   construction work and project supervision. After the stop work order, Fu performed other

23   functions in assisting in the appeals process and obtaining a new permit. Fu obtained the

1    architects to draw new plans for an expanded project; the new project was for a new home, not

2    merely a remodel, thus increasing the value of the project and his 10% interest in the property.

3          Construction at the Property was completed, and Certificate of Final Completion and

4    Occupancy was issued on May 13, 2003. The Property was not sold, but retained by Yan.

5          Plaintiff Charles Li met Yan and Fu in late 2000 or early 2001, when he was hired to

6    perform some engineering work on the Property. On July 2, 2003, Fu assigned his interest in the

7    Property to Li in "Assignment Contract' (Joint Ex. 12) (hereinafter referred to as "Assignment"),

8    in exchange for $100,000.

9          Li contacted Yan in 2003 to demand payment on the Assignment, but was rebuffed. Li

10   filed Li v. Demas Yan (San Francisco Superior Court CGC 04-431802) (hereinafter referred to

11   as Li v. Yan (I), to distinguish it from the case at trial) on May 27, 2004 to enforce his rights

12   under the assigned contract. Li testified he did so at the behest of Fu. Li was represented by

13   attorney Siu Ma. By then, Li was aware of the termination memorandum of September 2. On

14   December 19, 2004, Yan filed for bankruptcy (US Bankruptcy Court, N.D. Cal 04-33526200).

15   Yan listed Li as an "assignee of a disputed claim" with a claim of $200,000 as related to his

16   ownership of the Property. Yan listed the value of the Property at $1,600,000. Li received

17   documents from Bankruptcy Court and learned of Yan's assertion that the Assignment was

18   invalid because the contract had been terminated prior to the executed assignment, and

19   alternatively enforcement by Fu was barred due to suspension and lapse of his contractor's

20   license. Li v. Yan (I) was stayed by Bankruptcy court for some period of time.

21         On March 9, 2007, Li filed Li v. Tony Fu and Crystal Lei (San Francisco Superior Court

22   No. CGC 07-461167) (hereinafter referred to as Li v. Fu), alleging fraud in the assignment of the

23   contract. Li alleged Fu knew the contract had been terminated, and did not disclose it to Li when

1    he sold the assignment. Li was represented by attorney Paul Mousalam. Yan contacted
2    Mousalam and informed him of Li v. Yan (I) that advanced a different theory of recovery for Li.
3    Mousalam did not want to have anything to do with the other suit, but advised and urged Li to
4    dismiss it because of the factual inconsistencies pled.

5          Yan contacted Li and urged him to dismiss Li v. Yan (I) and pursue the case against Fu,
6    suggesting that they could join forces against Fu as a way of Yan getting "revenge". Yan began
7    giving legal advice to Li in person, by telephone, and in extensive e-mail exchange. By then,
8    Yan was a law student. He convinced Li that he had superior strategy and knowledge of the law,
9    coupled with personal knowledge of Fu and his former wife that placed him in a better position
10   to advise Li than his attorney. Yan gave Li legal advice on document preparation, amendment of
11   a party, additional causes of action, and deposition and discovery strategy. Mousalam sent a
12   blank Request for Dismissal form to Li so he could dismiss Li v. Yan (I). Li requested Yan's
13   assistance in filling out the form. Yan instructed Li to just sign the form send it to him. Li's
14   confusion caused Yan to request meeting in person for Li to sign the form. The parties met on
15   August 12, 2008, and Li signed his name to the blank dismissal form. Yan handwrote all other
16   entries on the form, and checked the dismissal "with prejudice" box. Li was unaware that the
17   dismissal was with prejudice and did not know the legal significance of "with prejudice" or
18   "without prejudice". Li had not instructed Yan to check the "with prejudice" box. Yan e-mailed
19   a dismissal of the bankruptcy claim to Li, which Li signed. Yan filed both forms on August 20,
20   2007, resulting in dismissal of Li v. Yan (I) with prejudice and dismissal of the bankruptcy
21   claim.

22         On August 16, 2008, Li and Yan executed "Lawsuit Assignment". (Pl Ex. 100) Yan
23   persuaded Li that if assigned the lawsuit, Yan would be better able to control the suit and

properly advise Li. Li relied upon Yan for legal counsel. The Lawsuit Assignment stated in pertinent part:

> "Yan shall minimize any legal cost to Li before Yan getting (sic) his license by doing all the work he can carry on for said case. Once Yan is admitted to the State Bar as an attorney this assignment shall be replaced by a attorney-client contract on the same term as stated above with no requirement that Li pay a retainer."

The relationship between Li and attorney Mousalam became frayed. Yan sowed the seeds of dissatisfaction and Li became convinced that Yan was giving him better legal advice and strategy. Mousalam withdrew as counsel on August 28, 2008 following a dispute about signing a new fee agreement. Yan instructed Li to represent himself until Yan was admitted to the Bar, which he expected to happen in December. Yan assured Li that he would advise him on the conduct of the suit until that time, when he would assume formal representation as Li's attorney. Li complied and was self-represented, with Yan giving him directions on how to proceed.

On August 19, 2008, three days after the "Lawsuit Assignment" was executed, Yan filed Yan v. Sui Ma, Charles Li, Tony Fu (Superior Court of San Francisco, CGC 08-478815). Li was aware that Yan planned to file a lawsuit against Li's former attorney in the Li v. Yan suit for malicious prosecution. Yan told him he was going to name Li as a defendant only as a matter of legal procedure. Yan did not explain the conflict or the potential for liability, save to suggest that Li could ask Ma for "indemnification". Li did not comprehend the import of the action.

Yan was admitted to the Bar in December 2008. The parties exchanged e-mails and signed a fee agreement for Yan's representation on January 26, 2009. Yan repeatedly told Li the

1  assignment was unenforceable because of the termination of the contract and Fu's unlicensed

2  contractor status and urged pursuing the fraud case against Fu. On March 20, 2009, Li and Fu

3  participated in an Early Settlement Conference on the case. During the conference, a mediator

4  opined that the Assignment was enforceable against Yan and raised this conflict of interest in

5  Yan's representation. The mediator disclosed a second conflict of interest in that Yan had filed

6  Yan v. Siu Ma, Charles Li, Tony Fu, et al; the case was still pending. Yan never disclosed the

7  conflict or obtained a written conflict waiver arising from either circumstance. Li terminated

8  Yan as his attorney two days later. Li v. Fu was settled on March 23, 2009. Yan dismissed Li

9  only from Yan v. Ma, Li, Fu, et al on the same day without prejudice.

10      Li hired new counsel and attempted to reinstate Li v. Yan (I) and the claim in Bankruptcy

11  Court, but was unsuccessful in each forum. He was denied relief under Cal. Code of Civil

12  Procedure section 473 due to his delay in requesting relief. The petition for reinstatement of his

13  claim in Bankruptcy Court was denied for similar reason. Li had not proceeded with the request

14  for relief in each forum until February 2010.

15      On November 15, 2011, the State Bar of California notified Yan of disciplinary

16  proceedings. The charges included violation of Rules of Professional Conduct, Rule 3-310(C)

17  (3) – Conflict of interest relating to failure to disclose the conflict and obtain informed written

18  consent to the potential conflict of interest from Li, and violation of Business and Professions

19  Code section 6068(a) - the Unauthorized practice of law relating to Yan's legal counsel to Li

20  during the pendency of Li v. Fu, prior to Yan's admission to the Bar. Defendant stipulated to the

21  facts in a "Stipulation Re Facts, Conclusions of Law and Disposition" filed March 16, 2012

22  relating to the conflict and failure to provide a written disclosure and informed written consent to

23  the potential conflict.

# DISCUSSION

The elements of a cause of action for professional negligence are (1) duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise - standard of care, (2) a breach of that duty, (3) a proximate causal connection between the negligent conduct and the resulting injury, and (4) actual loss or damage resulting from the professional's negligence. (Budd v. Nixen (1971) 6 Cal. 3d 195, 200)

An attorney owes a client a duty of care and a fiduciary duty. An attorney has a duty to correctly advise his client on legal matters and render legal advice that is knowledgeable, skillful, and competent. An attorney has a duty to serve his client with undivided loyalty without self-interest, and act in the client's best interest. A client has a right to a conflict free attorney. The standard of care is the skill and care that a reasonably careful attorney would have used in the same circumstances, in the same or similar locality.

Merri Baldwin testified as an expert witness. She is an attorney in private practice in San Francisco since 1989, with a specialty in issues relating to attorney misconduct and commercial litigation. Her expert qualifications were not contested; Baldwin has testified previously as an expert in legal ethics and is familiar with the standard of care in the community. She reviewed Yan's deposition with exhibits, pleadings from the underlying case, e-mails between Yan and others, and the State Bar disciplinary proceedings.

Baldwin testified that the standard of care requires that an attorney not have an interest or potential interest that is adverse to the client. An attorney must represent his client with undivided loyalty, and in the event of a conflict, adhere to certain rules governing such situations. Disclosure of a conflict (Rules of Professional Conduct Rule 3-310) requires (1) disclosure of the actual facts that constitute the conflict, (2) explanation of the reasonably

1   foreseeable impact of the conflict on the client, and (3) written consent of the client and waiver

2   of the conflict. Baldwin noted that some conflicts are not waiveable, and others require the

3   attorney to decline the case. An individual who engages in the unauthorized practice of law is

4   held to the same ethical standards as licensed attorneys, and is required to meet the same

5   standards for the duty of care and fiduciary duty.

6      In Baldwin's expert opinion, (1) Yan failed to meet the standard of care and fiduciary

7   duty in his representation of Li because of the conflicts of interest, (2) Yan failed to meet the

8   standard of care in the handling of the case, particularly in the action involving Fu, and (3) Yan

9   had engaged in the unauthorized practice of law prior to his admission to the Bar, in his dealings

10  with Li.

11     Baldwin opined that Yan had an actual conflict of interest under Rules of Professional

12  Conduct 3-310 (C) (3), when he accepted representation of Li in 2009, whom he sued in Yan v.

13  Ma, Li, Fu et al which was filed in 2008. Yan had a personal interest adverse to his client.

14  Yan's promise not to serve Li did not diminish the conflict. Baldwin posited that a "reasonably

15  careful" attorney would have declined representation of Li (in January 2009) based on the

16  conflict and foreseeable impact. Yan demonstrated the adverse interest when he influenced Li to

17  agree to dismiss Li v. Yan (I), which benefitted only Yan. By then, Yan had established an

18  attorney client relationship in his unauthorized practice of law and owed Li the same conflict-

19  free representation as licensed attorneys. Yan also violated Rules of Professional Conduct 3-310

20  (B) in that he had a personal relationship with the parties and personal involvement creating

21  personal motivation in his representation. Yan did not disclose the facts of the conflict, explain

22  the reasonably foreseeable impact on Li, or obtain a written consent and waiver of the conflict.

1    Baldwin further opined that Yan violated the duty of care in using knowledge and skill
2    that a reasonably careful attorney would utilize in the handling of the litigation. Correct legal
3    advice is part of the duty of competence and duty of care. Yan did not perform research or give
4    correct legal advice to Li about the enforcement of the assignment and related matters, thereby
5    falling below the standard of care. He did not counsel Li or handle the case in the same way a
6    disinterested, conflict-free attorney would have. Yan failed to advise Li that the contract might
7    be enforceable or partially enforceable notwithstanding the termination agreement, provisions
8    might be severable, or that Fu could litigate the enforcement of the Assignment to defeat the
9    claim of fraud. More importantly, Yan did not advise Li that possibly both Fu and Yan could be
10   liable. Yan sought only to insulate himself from any liability on the Assignment. To this end, he
11   advised Li that the Assignment was invalid, leaving only the fraud theory of recovery, thus
12   eliminating his financial exposure.

13   Finally, Baldwin opined that Yan had violated Business and Professions Code section
14   6125, and engaged in the practice of law prior to admission to the Bar in 2008. The practice of
15   law is defined as any activity that lawyers provide to clients, such as "legal advice" applying
16   principals of law to the facts, advice on use of legal processes to secure a client's goals, advising
17   clients what to say in court before a tribunal, preparation of forms and legal documents, if to do
18   so requires understanding and grasping legal principles and advising a client as to which option
19   is better. The e-mails between Yan and Li disclosed numerous acts of unauthorized practice of
20   law. Baldwin testified that an attorney-client relationship existed between Li and Yan well
21   before 2009, imposing upon Yan the same standard of care and fiduciary duty as licensed
22   attorneys. The attorney-client relationship which was the basis of the duty was established when
23   Yan advised Li and engaged in activities amounting to the unauthorized practice of law starting

1    in 2007.  The "Lawsuit Assignment" signed in 2008 is further evidence of the relationship.  The

2    "formal" attorney-client relationship began upon signing of the fee agreement in 2009, but was a

3    continuation of the pre-existing relationship.

4           Baldwin noted that Yan had stipulated to the facts constituting the conflict in the

5    Stipulation before the State Bar.  She characterized the conflict as "egregious" and "such an

6    extreme conflict" that it was unwaivable.  The defense did not present any expert testimony.

7                                            **CAUSATION**

8           Plaintiff must prove that that Yan's negligence was a substantial factor in causing Li's

9    loss of the enforcement of the Assignment.  "An attorney's negligence need not be the sole cause

10   of the client's loss." (Ishmael v. Millington (1966) 241 Cal. App. 2d 520, 529).

11          Yan's actions resulted in the loss of Li's meritorious claim for recovery on the

12   Assignment.   The Assigned Contract was valid and enforceable. The Court finds from the

13   evidence at trial that Yan and Fu were in a joint venture for the development of the Property. The

14   first provision of the contract (Joint Ex. 1) was payment of $3,000 per month for compensation

15   for Fu's construction work. The second provision for 10% of the proceeds was Fu's share of the

16   profits from his participation in the joint venture. As such, California Business and Professions

17   Code section 7031 does not apply to bar enforcement of the Assigned Contract. Epstein v.Stahl

18   (1959) 176 Cal App. 2d 53,  In re Yan  (N>D> Cal. 2007) 381 B.R. 747. The second provision

19   does not condition Fu's interest on any specific tasks, only "final inspecton". The continuing

20   ownership interest was confirmed in the language of the second document (Joint Ex. 9) which

21   acknowledged "Tony's interest in the property, as specified in the agreement". Payment to Fu

22   was tied to the other joint venture project on Chenery Street. Fu performed additional services

23   towards the project of a non-construction nature after he ceased construction in May 2001.

1       Yan started giving legal advice to Li in August 2007, when he discovered Li had sued Fu.

2  The acts constituting unlawful practice of law gave rise to an obligation by Yan to perform in a

3  manner consistent with the standard of care for licensed attorneys.  The standard of care required

4  Yan to provide correct legal advice and inform Li that the Assignment was valid, and advise him

5  of his rights against all potential defendants including Yan's potential liability.  He was required

6  to notify Li of the conflict, explain impact of the adverse interest, and follow the procedure for

7  waiver.  Had he done so, Li would have obtained independent counsel to provide conflict-free

8  advice.  Li would have been able to protect his interests.  Yan owed Li a duty of loyalty, which

9  required him to place Li's interest above his own, protecting his client even at his own expense.

10  He persuaded Li to dismiss the lawsuit and initiated dismissing it with prejudice.  Yan placed his

11  own self-interest in eliminating liability for the Assignment above his obligation as an attorney to

12  protect and advance Li's interests.

13       The 2009 fee contract formalized Yan's legal representation of Li.  Yan continued to fail

14  to advise Li of the conflict and failed to provide correct legal advice on rights against all

15  potential parties.  Li continued to direct the litigation towards holding Fu solely responsible.

16  This prevented Li from obtaining independent conflict-free counsel and impeded his recovery on

17  the Assignment.  Discovery of the enforceability of the Assignment and conflicts forced Li to

18  retain counsel to file for remedies in state and Bankruptcy courts.  "The loss or diminution of a

19  right or remedy constitutes injury or damages.  (Viner v. Sweet (2003) 30 Cal. 4th 1232, citing

20  Jordache Enterprises, Inc. v. Brobeck v. Phleger & Harrison (1998) 18 Cal. 4th 739, 744 with

21  approval)  The harm to Li was reasonably foreseeable.  His right and remedy to enforce the

22  Assignment was foreclosed by the dismissal entered by Yan.  It was foreseeable that Yan's

23  concealment of the conflict and lack of explanation of the implications of such would jeopardize

1    any actions to set aside the dismissal within the requirements of Cal. Code of Civil Procedure

2    section 473. Delay in filing the motions for relief is a factor in assessing whether Yan's actions

3    caused the loss, however, a substantial factor in causing damage to Li was the dismissal with

4    prejudice caused by Yan.

5           The breach of standard of care and fiduciary duty by Yan was a substantial factor in

6    causing Li to lose his claim against Yan on the Assignment. Li was forced to forfeit his right to

7    proceed against both Yan and Fu together.

8           As a result of Yan's breaches of duty Li was forced to hire other counsel to attempt o

9    remedy the harm. Li hired attorneys Wong & Associates and Ann Nguyen to reinstate the claim

10   in Bankruptcy Court ($29,075), Bao Pham to move to vacate the dismissal in Li v. Yan(i) ($24,

11   778.80), Duy Thai to appeal the denial of the dismissal ($16,557.26). The legal fees to mitigate

12   the harm amounts to $70,411.42.

13

14                                          **DAMAGES**

15   A.      Under the Assignment

16           (1) Li would have been entitled to $3,000 per month for the period of September

17           13, 2000 when construction commenced to May 17, 2001, when the stop work

18           order issued. This is a period of eight (8) months, for a total of $24,000,

19           (2) Li would have been entitled to 10% of the "sold price or appraisal market

20           price" if Yan kept the building rather than selling it. The Certificate of Final

21           Completion and Occupancy issued on May 13, 2003. Yan valued the Property at

22           $1,600,000 in his Bankruptcy Court filing on December 19, 2004. The valuation

1 by Yan is sufficient to prove the value of the building.  Li is entitled to 10% of

2 that value, or 160,000.

3 Total =$184,000

4 B. Legal fees incurred to mitigate the harm: $70,411.42.

5 C. Pre-judgment interest to be calculated in accordance with C.C.P. 3287 et seq.

7 March 9, 2013

Cynthia Ming-mei Lee

Judge of the Superior Court

# SUPERIOR COURT OF CALIFORNIA
## County of San Francisco

CHARLES LI, an individual,

        Plaintiff,

    vs.

DEMAS YAN, an individual,
and DOES 1 TO 10, Inclusive

        Defendants.

Case Number: CGC-10-497990

**CERTIFICATE OF MAILING**
(CCP 1013a (4) )

I, MELINKA JONES, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

On MARCH 11, 2013, I served the attached STATEMENT OF DECISION by placing a copy thereof in a sealed envelope, addressed as follows:

DUY THAI, ESQ.
One Embarcadero Center, Suite 2360
San Francisco, CA 94111

DEMAS YAN, ESQ.
100 Pine Street, Suite 1250
San Francisco, CA 94111

*for CHARLES LI, PLAINTIFF*

*for DEMAS YAN, DEFENDANT in PRO PER*

and I then placed the sealed envelopes in the outgoing mail at 400 McAllister Street, San Francisco, CA. 94102 on the date indicated above for collection, attachment of required prepaid postage, and mailing on that date following standard court practices.

Dated: MARCH 11, 2013

        T. MICHAEL YUEN, Clerk of the Superior Court

By: _____
Melinka Jones, Deputy Clerk

# Exhibit D



**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

# Document Scanning Lead Sheet

Jun-24-2016 4:02 pm

Case Number: CGC-14-537574

Filing Date: Jun-24-2016 4:01

Filed by: YOLANDA MAZARIEGOS

Image: 05451086

STATEMENT OF DECISION

CHARLES LI VS. THAI MING CHIU et al

001C05451086

**Instructions:**
Please place this sheet on top of the document to be scanned.

F I L E D
San Francisco County Superior Court

JUN 2 4 2016

CLERK OF THE COURT
BY: _J. Mazangue_
Deputy Clerk

1

2

3

4

5

6      SUPERIOR COURT OF THE STATE OF CALIFORNIA
       COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

7

8

9   CHARLES LI, an individual,                          Case No.: CGC-14-537574

10                              Plaintiff,

11              v.                                       PROPOSED
                                                        STATEMENT OF DECISION
12  THAI MING CHIU, an individual;
13  DEMAS YAN, an individual; KAMAN
    LIU, an individual; TINA YAN a/k/a                  Dept.: 504
14  TINA FOON YU YAN, an individual;                    Judge: Honorable Suzanne R. Bolanos
    CHEUK TIN YAN, an individual; 547
15  23RD AVENUE, LLC, a California limited
    liability company; 547 INVESTMENTS
16  LLC, a California limited liability
17  company,

18                              Defendants.

19

20          This matter came on for trial on April 4, 5, 7, 8, 11, and 14, 2016. Plaintiff

21  Charles Li ("plaintiff") was represented by Duy Thai. Defendants Thai Ming Chiu,

22  Kaman Liu, Cheuk Tin Yan, and Tina Yan were represented by Demas Yan and Albert L.

23  Boasberg.

24          On February 19, 2014, plaintiff filed this action to set aside fraudulent

25  transfers of real property located at 547 23rd Avenue, San Francisco (the "Subject

26  Property"), and ownership interests of limited liability companies holding 100% of the

27  Subject Property, against defendants Thai Ming Chiu, Demas Yan, Kaman Liu, Tina Yan

28

1
STATEMENT OF DECISION - Li v. Chiu, et al. - CGC-14-537574

a/k/a Tina Foon Yu Yan ("Tina Yan"), Cheuk Tin Yan, 547 23rd Avenue, LLC, and 547 Investments LLC.

On May 21, 2014, default was entered against defendant 547 Investments, LLC and defendant Demas Yan. On September 25, 2014, default was entered against defendant 547 23rd Avenue, LLC. Plaintiff filed the request for dismissal of Does 1 through 50 on August 25, 2015.

On April 14, 2016, the jury rendered special verdicts against each of the appearing defendants Cheuk Tin Yan, Tina Yan, Thai Ming Chiu, and KaMan Liu (collectively "Appearing Defendants"). Outside the presence of the jury, the Court in equity considered other testimony, evidence, and arguments presented by the parties relating to the defendants' affirmative defenses of equitable ownership interest, trust, equitable title, resulting trust, and equitable lien.

After full consideration of the evidence, testimony, and exhibits presented at trial, arguments of counsel, and authorities presented by the parties, the Court finds that defendants did not establish any equitable grounds for altering the jury's verdict.

## FINDINGS OF FACT

The Court adopts the jury's factual determinations, as reflected in the special verdicts:

1.   Plaintiff has a right to payment from Demas Yan.

2.   Plaintiff's right to payment from Demas Yan arose before Demas Yan transferred the Subject Property.

3.   Demas Yan transferred the Subject Property to defendants Cheuk Tin Yan, Tina Yan, Thai Ming Chiu, and KaMan Liu.

4.   Demas Yan transferred the Subject Property to defendants with the intent to hinder, delay, or defraud plaintiff.

5.   Demas Yan failed to receive a reasonably equivalent value in exchange for the transfer of the Subject Property.

Case: 24-03022   Doc# 12   Filed: 08/23/24   Entered: 08/23/24 18:50:12   Page 42 of
46
STATEMENT OF DECISION - Li v. Chiu, et al. - CGC-14-537574

2

1  6.  Demas Yan was insolvent at the time of the transfer, or became
2  insolvent as a result of the transfer.

3  7.  Demas Yan's conduct was a substantial factor in causing plaintiff's
4  harm. Defendants Cheuk Tin Yan, Tina Yan, Thai Ming Chiu, and KaMan Liu did not
5  receive the property in good faith.

6  Based on all the testimony and evidence at trial, the Court in equity makes
7  the following additional findings of fact:

8  8.  Appearing Defendants' testimony regarding their alleged
9  transactions with Demas Yan is inconsistent and could not be reconciled with previous
10  sworn statements and legal filings, as introduced at trial or judicially noticed.

11  9.  Demas Yan obtained mortgages on the Subject Property in 2003
12  and 2004, disclosing himself as its sole and unencumbered owner. He did not withdraw
13  his equity or equitable interest in the Subject Property, and none of the Appearing
14  Defendants became equitable owners of the Subject Property, at that time or at any time
15  thereafter.

16  10.  At the September 15, 2005 trial of *In re Demas Yan, Chen v. Yan*,
17  Adversary Proceeding No. 05-3236 (N.D. Cal. Bkcy 2005), of which the Court takes
18  judicial notice, Demas Yan testified under oath that he was the owner of the Subject
19  Property and revealed no other owners, equitable or otherwise, when directly questioned
20  about the ownership of the Subject Property.

21  11.  Defendants Cheuk Tin Yan and Tina Yan executed, delivered, and
22  recorded a quitclaim deed granting the Subject Property to Demas Yan in 2006.

23  **CONCLUSIONS OF LAW**

24  1.  Appearing Defendants failed to establish that they had any
25  equitable title, equitable lien, or other equitable interest whatsoever in the Subject
26  Property; or that any trust or resulting trust was created; or that any other equitable
27  defense warrants altering the jury's verdict.

28

1             2.      Appearing Defendants failed to prove that they entered into any

2 transactions in relation to the Subject Property that constituted an investment in the

3 Subject Property or a purchase of an ownership interest, equitable or otherwise, in the

4 Subject Property.

5             3.      Defendants Cheuk Tin Yan and Tina Yan's quitclaim of the

6 Subject Property to Demas Yan in 2006 conclusively established that they had no

7 interest, equitable or otherwise, in the Subject Property thereafter.

8             4.      Demas Yan's 2012 transfer of his ownership interest in the Subject

9 Property to Appearing Defendants was not, as defendants argued, merely a transfer or

10 perfection of legal title to persons who already owned equitable title or equitable interests

11 in the Subject Property.

12             5.      If Defendants owned any equitable interests in the Subject

13 Property (which they did not), then the mortgages obtained on the Subject Property in

14 2003 and 2004 would have been fraudulent and defendants come before equity with

15 unclean hands.

16             6.      Plaintiff Charles Li has established a superior equitable interest in

17 the Subject Property. In light of plaintiff's interest and defendants' unclean hands, the

18 balance of equity tips in favor of plaintiff.

19             7.      As a separate and independent ground for denial of equitable relief,

20 Defendants filed proofs of claim in Demas Yan's bankruptcy case, *In re Demas Yan*, No.

21 04-33526 (N.D. Cal. Bkcy 2005), which claims were all substantively disallowed by the

22 United States Bankruptcy Court and Ninth Circuit Bankruptcy Appellate Panel.

23 Appearing Defendants had full notice and opportunity to be heard as to any and all legal

24 and equitable theories regarding any and all claims that they may have had on Demas

25 Yan's assets, including all the transactions that they have alleged in the present action.

26 Thus, res judicata and collateral estoppel precludes Defendants from rearguing the

27 existence, validity, or import of these alleged transactions, under any legal or equitable

28 theory.

STATEMENT OF DECISION - Li v. Chiu, et al. - CGC-14-537574

# STATEMENT OF DECISION

Pursuant to California Rules of Court, Rule 3.1590(g), this Proposed Statement of Decision shall be the Final Statement of Decision unless, within fifteen (15) days from the date hereof, any party serves and files objections to this Proposed Statement of Decision. Parties objecting under Cal. R. Ct. 3.1590(g) should be familiar with the authorities that describe the limited purposes of objections.[1]

Dated: 6/24/16

_____
HONORABLE SUZANNE R. BOLANOS
JUDGE OF THE SUPERIOR COURT

---

[1]    *E.g.*, *Golden Eagle Ins. Co. v. Foremost Ins. Co.*, 20 Cal.App.4th 1372, 1380 (1993); *Yield Dynamics, Inc. v. TEA Sys. Corp.*, 154 Cal.App.4th 547, 560 (2007); *Heaps v. Heaps*, 124 Cal.App.4th 286, 292 (2004) ("The main purpose of an objection to a proposed statement of decision is not to reargue the merits, but to bring to the court's attention inconsistencies between the court's ruling and the document that is supposed to embody and explain that ruling.").

5
STATEMENT OF DECISION - Li v. Chiu, et al. - CGC-14-537574

# Superior Court of California
County of San Francisco

CHARLES LI, an individual,

Plaintiff(s)

vs.

THAI MING CHIU, an individual, DEMAS YAN, an individual, KAMAN LIU, an individual, TINA YAN aka TINA FOON YU YAN, an individual; CHEUK TIN YAN, an individual; 547 23RD AVENUE, LLC, a California limited liability company; 547 INVESTMENTS LLC, a California limited liability company,

Defendant(s)

Case Number: CGC-14-537574

**CERTIFICATE OF MAILING**
(CCP 1013a (4) )

I, Yolanda Mazariegos, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

On June 24, 2016, I served the attached PROPOSED STATEMENT OF DECISION by placing a copy thereof in a sealed envelope, addressed as follows:

DUY THAI, SBN 157345
One Embarcadero Center, Suite 1020
San Francisco, CA 94111

ALBERT LOEB BOASBERG, SBN 031205
155 Montgomery Street, #1010
San Francisco, CA 94104

and, I then placed the sealed envelopes in the outgoing mail at 400 McAllister Street, San Francisco, CA. 94102 on the date indicated above for collection, attachment of required prepaid postage, and mailing on that date following standard court practices.

Dated: June 24, 2016

MICHAEL YUEN, Clerk

By: _____

Yolanda Mazariegos, Deputy Clerk